141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bennie BROWN, Plaintiff-Appellant,
v.
Mike STOFFEL; Joseph Malcolm, Defendants-Appellees.
 No. 96-17078.
D.C. No. CV-93-05408-OWW.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1998.
Decided Mar. 2, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Oliver W. Wanger, District Judge, Presiding.
 Before SCHROEDER, FARRIS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bennie Brown appeals pro se the district court's summary judgment for defendants on his 42 U.S.C. § 1983 action alleging violation of his Fourteenth Amendment due process rights during his parole-revocation proceedings. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994), and we affirm in part, reverse in part, and remand.
 
 
 3
 Prior to revoking parole, authorities must provide the parolee with certain constitutionally-mandated procedures including "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." Morrissey v. Brewer, 408 U.S. 471, 486, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
 
 
 4
 Brown's parole was revoked after a parole hearing where a police officer testified that an anonymous informant had seen Brown discharge a firearm. Although the police officer stated that he would not reveal the witness's identity because the witness feared for her safety, the hearing officers made no specific finding that good cause existed for not allowing Brown to confront the witness. Defendants had a statutory duty under California law to interview the witness, record the substance of her testimony, and document the basis for her fear which would justify restricting Brown's confrontation rights.
 
 
 5
 Brown contends that the district court erred by concluding that defendants were not collaterally estopped from arguing that they violated his due process rights because a state court had vacated the parole board's decision in a habeas corpus proceeding. Because the habeas corpus proceeding decided whether there had been a violation of California parole regulations instead of the Due Process Clause, and named as respondent only the State of California and not the defendants, the district court did not err by ruling that Stoffel and Malcolm were not collaterally estopped. See Lucido v. Superior Court, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (Cal.1990); Clemmer v. Hartford Ins. Co., 22 Cal.3d 865, 151 Cal.Rptr. 285, 587 P.2d 1098, 1102-03 (Cal.1978) (en banc).
 
 
 6
 Brown also contends that the district court erred by concluding that the defendants were immune from suit on the alleged parole-revocation procedural violations. We affirm the finding of immunity with regard to Parole Agent Stoffel but reverse the determination with regard to District Hearing Agent Malcolm who does not enjoy absolute immunity from Brown's suit.
 
 
 7
 "An official derives the appropriate degree of immunity not from his or her administrative designation, but by the function he or she performs." Butz v. Economu, 438 U.S. 478, 508-17, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Therefore, while members of a parole board are entitled to absolute quasi-judicial immunity, Sellars v. Procunier, 641 F.2d 1295 (9th Cir.1981), this immunity extends only to the performance of duties that serve a quasi-judicial function. See Anderson v. Boyd, 714 F.2d 906 (9th Cir.1983). Quasi-judicial functions are those that are "intimately associated with the judicial phase of the criminal process," such as adjudicatory and prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Gobel v. Maricopa County, 867 F.2d 1201, 1203 (9th Cir.1989).
 
 
 8
 Parole Agent Stoffel, as required by § 2617 of the California Code of Regulations, prepared a parole violation report specifying the charges against Brown and including all information relevant to those charges. See Cal.Code Regs. tit. 15, § 2617 (1997). Although the record does not indicate that he argued before the board, his preparation and presentation of evidence against Brown to the parole board evidences a prosecutorial function. Quasi-prosecutorial immunity therefore attaches to Parole Agent Stoffel. See Gobel, 867 F.2d at 1204.
 
 
 9
 District Hearing Agent Malcolm, however, was responsible for the "application of specific procedures pertaining to the parole revocation hearing process." Cal.Code Regs. tit. 15, § 2000(41) (1997). He was to ensure that "all necessary prehearing procedures [were] followed including making an attorney determination ... and screening witnesses." Id. at § 2638. The function performed by Malcolm is purely administrative and does not implicate any of the concerns for preserving independent decision-making that normally justify quasi-judicial or quasi-prosecutorial immunity. Anderson v. Boyd, 714 F.2d 906, 908 (9th Cir.1983); see also Farrish v. Mississippi State Parole Board, 836 F.2d 969, 976 (5th Cir.1988).
 
 
 10
 Insofar as Malcolm argued that he is entitled to Eleventh Amendment immunity, the Eleventh Amendment does not bar damages claims against state officials sued in their individual capacities. See Hafer v. Melo, 502 U.S. 21, 31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); Price v. Akaka, 928 F.2d 824, 828 (9th Cir.1991). Nor is Malcolm entitled to qualified immunity because the parolee's right to confront adverse witnesses, unless the hearing officers make a finding that the witness fears for her or his safety, was clearly established at the time of the alleged violation. See Newell v. Sauser, 79 F.3d 115, 117 (9th Cir.1996); see also Morrissey, 408 U.S. at 489.
 
 
 11
 The grant of summary judgment in favor of Parole Agent Stoffel is affirmed. Summary judgment in favor of District Hearing Agent Malcolm is reversed and the case is remanded for further proceedings.
 
 
 12
 Each party will bear his own costs on appeal.
 
 
 13
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the court of this circuit except as provided by Ninth Circuit Rule 36-3